FREEMAN *versus* FREEMAN.

In an action of dower, if the plea *ne unques accouple* conclude by tendering an issue to the country, it is *bad* on demurrer.

But if the declaration be bad also, the judgment must be against the party committing the first fault in pleading.

Unless the declaration alleges a *seizin* of the husband of an *estate* of which by law his widow is dowable, it is defective and insufficient.

So it must show also, that the *demand* for dower was of the one then *seized* of the *freehold*, if within the State; otherwise of the tenant in *possession*.

WRIT OF DOWER. The claim was set up by reason of the seizin in the premises of John Freeman.

In the declaration was a description of the farm in which dower was demanded, "of which the said John, (her husband,) was seized during the coverture," but there was no allegation of the nature of the estate.

The declaration concluded thus, "being on the premises did then and there demand her said dower thereof. Yet the said Charles, (the defendant,) who then and there was and ever since has been and now is tenant in possession of the said premises, although one month," &c.

The respondent pleaded, that the demandant and said John Freeman never were accoupled together in lawful matrimony, and of this put himself on the country.

He also, by brief statement, alleged the marriage of demandant with one Henry Demuth, who obtained a divorce on a charge of adultery against her; and that John Freeman was never seized of the premises during the life of Demuth.

To the plea the demandant demurred.

*Seiders*, with whom was *Hubbard*, in support of the demurrer, denied that this plea was the general issue, and that

it was such a one as authorized a brief statement. Booth on Real Actions, 169.

It should have concluded with a verification. Chitty and Story on Pleading; Co. Lit. 126; Bacon's Abr. vol. 4, p. 55; 1 Burroughs, 317.

*Bulfinch, contra.*

SHEPLEY, C. J. — The case is presented on demurrer to the tenant's plea.

A defendant is allowed, by statute c. 115, § 18, to plead the general issue and to file a brief statement of special matter to be proved; or he may at his election "plead such matter specially after the general issue is pleaded."

The plea *ne unques accouple* is an appropriate one to a declaration in dower; but it should not conclude to the country. If an issue upon it were joined, there would be no certain facts put in issue for the jury to find. It should conclude with a verification. The demandant should in a replication set forth the time and place of the marriage, and by whom it was solemnized; thus presenting definite allegations of fact for the jury to find. 2 Saund. 44, note 4; Com. Dig. Pleader, 2 Y, 10. Such a bad conclusion is good cause for a demurrer. *Duppa* v. *Mayo*, 1 Saund. 283 ; Com. Dig. Pleader, E, 32. The plea is therefore bad.

But upon demurrer the whole record must be examined, and judgment must be against him, who made the first fault. If the declaration be bad, there must be judgment against the plaintiff, though the plea be also bad. Com. Dig. Pleader, M, 1.

Proof of all the facts alleged in the declaration would not establish the demandant's right to recover. The husband must appear to have been seized of an estate during the coverture in fee simple, fee tail general, or as heir in special tail. Lit. § 36; Co. Lit. 31, b; Com. Dig. Dower, A, 6, 7.

A widow is entitled to dower in those estates only, which her issue may inherit as heirs to her husband. 2 Saund. 45, note 5.

---

The declaration demands dower in an estate " of which the said John, [the husband,] was seized during the coverture." It does not allege, that he was seized in fee or of any estate, in which she would be entitled to dower. It might have been an estate for life, in which she could have no dower.

There is also another defect in the declaration. A demand for dower should be made of the person, " who is seized of the freehold at the time of making the demand, if he be in the State, otherwise of the tenant in possession." Stat. c. 144, § 2.

The declaration alleges, that a demand of dower was made on the premises, " being the same farm, on which the said Charles Freeman now lives," * * " and now is tenant in possession of the premises." It does not allege, that a demand was made of him. Nor that he was seized of the freehold. Nor that the person seized of the freehold was out of the State, so that a demand upon the tenant in possession would be good.   *Judgment that the demandant take nothing by her writ.*